### No. 808

### WALSH v. HUMPHREY CO.

Ohio Appeals, 8th District, Cuyahoga County
No. 4566. Decided Oct. 8, 1923

### 268. NEGLIGENCE.

Cannot be inferred from unloosening of roller skate not shown inherently defective.

### 367. TRIAL.

Case taken from jury when physical cause of injury is inferential and leads to inference precluding negligence—Where the evidence as to the physical cause of an accident is largely inferential and would lead to an equally natural inference precluding negligence, it is the duty of the trial judge to withdraw

## OHIO COURTS OF APPEAL—Continued

the case from the consideration of the jury. 16 C. C. n. s. 387 (410 O. C. C. 560).

SULLIVAN, J.

### Epitomized Opinion

Action to reverse the judgment of the trial court in withdrawing the case from the jury and rendering judgment for company. Walsh rented a pair of skates from the company and the skates were attached to her shoes by one of its employees. After she had skated for about an hour, she stumbled to her knee, the one skate having become loosened. Thereupon she went to the same employee, who again fastened on the skate. In a few minutes the same skate came ·off and she fell backward, sustaining serious injuries. There was no evidence that the skate became unfastened by reason of any inherent defect in the skate. In affirming the judgment, the Court of Appeals held:

1. The record is absolutely silent as to the alleged defect being the proximate cause of the injury. The alleged defect, at its best, can only be an inference. Therefore, as to the question of proximate cause, it cannot be determined from the record, excepting that we base upon the alleged inference of defect the inference of proximate cause, and inasmuch as an inference cannot have for its legal foundation another inference, it is conclusive that upon the question of proximate cause there was nothing to submit to the jury.

2. Where the evidence as to the physical cause of an accident is largely inferential and would lead to an equally natural inference precluding negligence, it is the duty of the trial judge to withdraw the case from the consideration of the jury. 16 C. C. n. s. 387 (41 O. C. C. 560).

Attorneys—Baker, Hostetler & Sidlo, W. J. Monahen and F. E. Stevens, for Walsh; Dustin, McKeehan, Arter & Stewart, C. K. Arter and M. P. Beall, for Humphrey Co.